JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S. WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:  (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for Federal Cross-Defendant
Michael Medlin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | NO. C- |
| Plaintiff, | |
| v. | |
| ROBERT PAUL BLUMENTHAL, THE HERTZ CORPORATION, and DOES ONE THROUGH TEN, | |
| Defendants. | |
| ROBERT PAUL BLUMENTHAL and THE HERTZ CORPORATION, | |
| Cross-Complainants, | |
| v. | **NOTICE OF REMOVAL** |
| MICHAEL SCOTT MEDLIN, and ROES ONE THROUGH TEN, inclusive, | |
| Cross-Defendants. | |

TO:    Clerk, Superior Court of California
       County of Sonoma
       600 Administrative Drive
       Santa Rosa, California 94502

///

///

NOTICE OF REMOVAL                                   -1-



1

Thomas M. Downey
Christopher R. Nelson

2

BURNHAM BROWN
1901 Harrison Street, 11th Floor

3

Oakland, California 94612
Attorneys for Defendants and Cross-Complainants

4

Robert Paul Blumenthal and the Hertz Corporation

5

Michael S. Morse
MORSE, BOLINGER & ASSOCIATES

6

A Professional Corporation
2300 Contra Costa Blvd., Suite 285

7

Pleasant Hill, California 94523
Attorneys for Plaintiff Allstate Insurance Company

8

9

PLEASE TAKE NOTICE that on this day Case No. MCV 193501 pending in the Sonoma

County Superior Court is being removed to the United States District Court for the Northern District

10

of California, pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(f), and 2679(d)(2), on behalf of cross-

11

defendant Michael Scott Medlin. Upon direction by the Attorney General of the United States, the

12

undersigned attorneys hereby present the following facts to the Judges of the United States District

13

Court for the Northern District of California.

14

1. On October 16, 2007, plaintiff Allstate Insurance Company ("Allstate") filed a Complaint

15

in Subrogation For Damages (Property Damage/Vehicle related) against Robert Blumenthal, the

16

Hertz Corporation ("Hertz"), and Does One through Ten in the Sonoma County Superior Court. The

17

lawsuit arises out of a three-vehicle accident that occurred in Rohnert Park, California. Plaintiff is

18

seeking reimbursement for damages related to the vehicle driven by its insured in the amount of

19

$20,926.29. A copy of the Complaint is attached as Exhibit A.

20

2. On February 25, 2008, defendants Robert Blumenthal and Hertz filed a cross-claim

21

against Michael Scott Medlin, employee of the U.S. Department of Justice, Bureau of Alcohol,

22

Tobacco, Firearms and Explosives ("ATF"). Defendants are seeking equitable indemnity and

23

contribution as well as declaratory relief from Mr. Medlin.

24

3. On or about March 31, 2008, Michael Scott Medlin received a copy of the Summons and

25

Cross-Complaint. Copies of the Summons and Cross-Complaint are attached as Exhibit B pursuant

26

to 28 U.S.C. § 1446(a). These documents constitute the only process, pleading, or order which have

27

been received. No trial has been had in this action.

28

NOTICE OF REMOVAL                    -2-

1    4. This action is one which may be removed to the district court for the reason that: (a)

2  Defendants/Cross-Complainants seek judgment for damages resulting from the allegedly negligent

3  operation of a motor vehicle by a federal employee; and (b) at the time of the accident, the

4  federal employee was acting within the scope of his employment as an employee of ATF within the

5  meaning of 28 U.S.C. § 2679(d)(2).

6    5. Upon certification by the Attorney General, the action shall be removed to the District

7  Court at any time prior to trial. Pursuant to written delegation from Joseph P. Russoniello, the duly

8  appointed United States Attorney for the Northern District of California, the Chief of the Civil

9  Division has been authorized to exercise on behalf of the United States Attorney the authority vested

10  in him by the Attorney General, pursuant to 28 C.F.R. § 15.3. The Chief of the Civil Division has

11  certified that Michael Scott Medlin was acting within the course and scope of his employment with

12  ATF. See Certification Pursuant to 28 U.S.C. § 2679(d). This certification is conclusive for purposes

13  of removal. 28 U.S.C. § 2679(d)(2).

14    6. Upon removal the United States is automatically substituted for Michael Scott Medlin, and

15  this action will proceed as an action against the United States of America pursuant to 28 U.S.C.

16  § 1346(b) subject to the limitations and exceptions applicable to those actions. 28 U.S.C.

17  § 2679(d)(4).

18    7. A copy of this Notice is being filed with the Clerk of the Sonoma County Superior Court.

19  That filing will automatically effect the removal of the action in its entirety to this Court for all future

20  proceedings.

21                          Respectfully submitted,

22                          JOSEPH P. RUSSONIELLO
                           United States Attorney

23

24

25  Dated: May ___ |___ , 2008        By: _____

26                                    JENNIFER S. WANG
                                     Assistant United States Attorney

27

28

NOTICE OF REMOVAL              -3-

# EXHIBIT A

Case 4:08-cv-02263-SBA    Document 1    Filed 05/01/2008    Page 5 of 18
Apr-10-2008  03:04pm  From-BURNHAM    WN                    5108356666                    T-548  P.003  F-273

Jan. 3. 2008  1:55PM                                                        No. 3558  P. 3

COPY

1 | Michael S. Morse, SBN 164146
MORSE, BOLINGER & ASSOCIATES
2 | A Professional Corporation
2300 Contra Costa Blvd., Suite 285
Pleasant Hill, CA  94523
3 | Phone: (925) 671-2200

4 | Attorney for Plaintiff
Our File No. 259269/66

5

6

7

8

9

ENDORSED
FILED
OCT 1 6 2007
SUPERIOR COURT OF CALIFORNIA.
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

LIMITED CIVIL

10 | ALLSTATE INSURANCE COMPANY,        )   CASE NO.: MCV 193501
                                      )
11 |           Plaintiffs,             )   COMPLAINT IN SUBROGATION
                                      )   FOR DAMAGES
12 | v.                                )   (PROPERTY DAMAGE/
                                      )        VEHICLE RELATED)
13 | ROBERT PAUL BLUMENTHAL,           )
     THE HERTZ CORPORATION,            )
14 | and                               )
     DOES ONE THROUGH TEN,             )   Prayer: $20,926.29
                                      )
15 |           Defendants.             )   Limited Civil
                                      )

16

17 |      Plaintiff alleges:

18 |      1.   The true names or capacities, whether individual,

19 | corporate, associate, or otherwise of defendants DOES ONE THROUGH

20 | TEN are unknown to plaintiff who therefore sues said defendants

21 | by such fictitious names and will amend this complaint to show

22 | their true names and capacities when the same have been

23 | ascertained.

24 | ///

-1-

Complaint in Subrogation

1    2. Plaintiff is informed and believes and therefore

2 states that each of the defendants, including those defendants

3 designated herein as DOES, is contractually responsible and/or

4 legally liable to pay the sums of money prayed herein; and that

5 each of the said defendants is the agent, servant, and/or

6 employee or employer of each of the remaining defendants and

7 acting within the scope of such agency and/or employment.

8    3. At all times mentioned herein, plaintiff was, and

9 now is, a corporation duly organized and existing under and by

10 virtue of the laws of the State of Illinois.  Plaintiff was, and

11 now is, authorized and qualified to transact, among other

12 insurance business, a casualty, liability and surety insurance

13 business in the State of California.

14    4. Plaintiff's insured, STEPHANIE TROUP

15 (hereinafter "insured"), was at all times herein mentioned the

16 owner of a certain motor vehicle.

17    5. Plaintiff had issued to its insured a policy of

18 casualty insurance which was in full force and effect at all

19 times mentioned herein, insuring the insured against the risk,

20 among other, of loss or damage to the insured's motor vehicle

21 from a collision.

22    6. The incident complained of herein occurred within

23 the above-entitled judicial district, and/or defendants resided

24

-3-

Complaint in Subrogation

1  in the above-entitled judicial district at the time of

2  commencement of this action, and therefore the within action is

3  brought in the proper court.

4        7.    Plaintiff is informed and believes and thereon

5  alleges that at all times mentioned herein, defendants, and each

6  of them, were the owners of that certain motor vehicle being

7  operated with their consent, knowledge and permission by the

8  defendant driver.

9        8.    On or about December 28, 2006, defendants'

10  vehicle was traveling on US Highway 101, in Rohnert Park,

11  California, being then and there a public thoroughfare, when the

12  defendants, and each of them, did so negligently and carelessly

13  drive, operates, maintain, possess, own, manage, entrust and/or

14  control their motor vehicle as to cause it to collide violently

15  with plaintiff's insured's motor vehicle.

16        9.    As a direct and proximate result of said collision

17  and the negligence of defendants, plaintiff's insured lost use of

18  said motor vehicle for a certain number of days and was damaged

19  thereby, and/or the insured's motor vehicle was towed, and/or the

20  insured's motor vehicle was broken, damaged and depreciated, all

21  in the amount of no less than $20,926.29, which may include out

22  of pocket expense of plaintiff's insured, sum is a reasonable

23  amount for the necessary repairs to said motor vehicle or the

24

-3-

Complaint in Subrogation

Apr-10-2008  03:05pm   From-BURNHAM .   N                  5108356666                           T-548   P.006/017   F-273

Jan. 3, 2008  1:55PM                            .                              No. 3558   P. 6

1   replacement value thereof plus rental and/or towing expenses, if

2   any, less salvage recovery, and credit for amounts already paid

3   will be given at trial, if applicable.

4         10.  Prior to the commencement of this action,

5   plaintiff made payments to or on behalf of its insured in

6   accordance with the policy requirements, and entered into an

7   agreement with the insured wherein plaintiff insurance company

8   became subrogated to all of the rights and entitled to enforce

9   all of the remedies of its insured against the defendants.

10       11.  Plaintiff is entitled to interest on the total

11   amount of damages from the date of payment at the legal rate as

12   provided for in Section 3287(a) of the Civil Code.

13       12.  Plaintiff notified defendants, and each of them,

14   of the total amount of damages and of plaintiff's rights to

15   subrogation, and demanded payment for the total amount of

16   damages; but defendants, and each of them, failed and refused and

17   continues to fail and refuse to pay plaintiff the whole part

18   thereof.

19       13.  Plaintiff has refunded or will refund the

20   insured's deductible, if any, and any out of pocket expenses,

21   upon satisfaction of the judgment sought herein.

22   ///

23   ///

24

-4-

Complaint in Subrogation

1          WHEREFORE, plaintiff prays for judgment against the

2    defendants, and each of them, as follows:

3          1.   For damages to be proven at trial in an amount of

4    at least $20,926.29 or other sum within the jurisdictional limit

5    of this court.

6          2.   For interest according to proof;

7          3.   For costs herein, and

8          4.   For such further relief according to proof.

9    Dated: 10/12/2007                    MORSE, BOLINGER & ASSOCIATES

                                          *Original Signed by
                                          Michael S. Morse*

11                                        MICHAEL S. MORSE, ESQ.
                                          ATTORNEY FOR PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24
                                    -5-

Complaint in Subrogation

# EXHIBIT B

**SUMMONS** ON CROSS-COMPLAINT
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:Cross-Defendants
*(AVISO AL DEMANDADO):*
MICHAEL SCOTT MEDLIN

**ENDORSED
FILED**

MAR 7 - 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

YOU ARE BEING SUED BY PLAINTIFF: Cross-Complainants
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT PAUL BLUMENTHAL and THE HERTZ CORPORATION

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SONOMA <br> 600 Administration Drive <br> Santa Rosa, CA 95403 | CASE NUMBER: <br> *(Número del Caso):* MCV 193501 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas N. Downey, State Bar No. 142096         510-444-6800    510-835-6666
Christopher R. Nelson, State Bar No. 242635
BURNHAM BROWN
1901 Harrison Street, 11th Floor, Oakland, CA 94612

DATE:                                          Clerk, by                                    , Deputy
*(Fecha)* MAR 7 - 2008                          *(Secretario)*  KIM MURPHY              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

| | | |
|---|---|---|
| [SEAL] | 1. ☐ as an individual defendant. | |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* | |
| | 3. ☐ on behalf of *(specify):* | |
| | under: ☐ CCP 416.10 (corporation) | ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation) | ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) | ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* | |
| | 4. ☐ by personal delivery on *(date):* | Page 1 of 1 |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

ENDORSED
FILED

FEB 2 5 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1   Thomas M. Downey, State Bar No. 142096
    Christopher R. Nelson, State Bar No. 242635
2   BURNHAM BROWN
    A Professional Law Corporation
3   P.O. Box 119
    Oakland, California 94604
4   ___
    1901 Harrison Street, 11th Floor
5   Oakland, California 94612
    Telephone:    (510) 444-6800
6   Facsimile:    (510) 835-6666

7   Attorneys for Defendants and Cross-Complainants
    ROBERT PAUL BLUMENTHAL and THE HERTZ
8   CORPORATION

9              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

10                        LIMITED CIVIL JURISDICTION

11   ALLSTATE INSURANCE COMPANY,          No. MCV 193501

12              Plaintiff,               DEFENDANTS AND CROSS-
                                         COMPLAINANTS ROBERT PAUL
13   v.                                  BLUMENTHAL'S AND THE HERTZ
                                         CORPORATION'S CROSS-
14   ROBERT PAUL BLUMENTHAL, THE         COMPLAINT FOR:
     HERTZ CORPORATION, and DOES ONE     (1) EQUITABLE INDEMNITY;
15   THROUGH TEN,                        (2) EQUITABLE CONTRIBUTION; and
                                         (3) DECLARATORY RELIEF
16              Defendants.

17   _____

     ROBERT PAUL BLUMENTHAL and THE
18   HERTZ CORPORATION,

19              Cross-Complainants,
                                         Complaint Filed: October 16, 2007
20   v.                                  Trial Date: Not Yet Set

21   MICHAEL SCOTT MEDLIN, and ROES
     ONE THROUGH TEN, inclusive,
22
                Cross-Defendants.        BY FAX
23

24   _____

25        Cross-Complainants ROBERT PAUL BLUMENTHAL and THE HERTZ

26   CORPORATION complain and allege as to Cross-Defendants, and each of them, as follows:

27   ///

28   ///

1

DEFS./CROSS COMPLS. ROBERT PAUL BLUMENTHAL'S AND THE HERTZ          No. MCV193501
CORPORATION'S CROSS COMPL. FOR EQUIT. INDEMNITY; EQUIT.
CONTRIBUTION; DECLARATORY RELIEF

1        **FIRST CAUSE OF ACTION—EQUITABLE INDEMNITY**

2                      **(Against All Cross-Defendants)**

3        1.        Cross-Complainant ROBERT PAUL BLUMENTHAL ("Cross-Complainant") is,

4    and at all times mentioned herein was, an adult and a resident of Montgomery County,

5    Maryland.

6        2.        Cross-Complainant THE HERTZ CORPORATION ("Cross-Complainant") is,

7    and at all times mentioned herein was, a corporation qualified to, and doing business within the

8    State of California.

9        3.        Cross-Defendant MICHAEL SCOTT MEDLIN ("Cross-Defendant") is, and at all

10   times mentioned herein was, an adult.

11       4.        Cross-Defendant MICHAEL SCOTT MEDLIN was at all times mentioned

12   herein an employee of the United States Department of The Treasury, located at 450 Golden

13   Gate Avenue, San Francisco, California.

14       5.        The true names or capacities, whether individual, governmental, corporate or

15   otherwise, of Roes one through ten, inclusive, are presently unknown to the Cross-

16   Complainants, who therefore sue said Cross-Defendants by such fictitious names; Cross-

17   Complainants are informed and believe and thereon allege that each of the Cross-Defendants

18   designated herein as a Roe is legally responsible in some manner for the events herein alleged

19   and is, therefore, liable to Cross-Complainant for indemnity, and/or equitable contribution.

20       6.        Cross-Complainants have been named as Defendants in Sonoma County Superior

21   Court Case No. MCV 193501, wherein Plaintiff ALLSTATE INSURANCE COMPANY has sued for

22   property damage-vehicle related. Cross-Complainants deny that Plaintiff has been damaged in any sum

23   or sums or at all but said Complaint is incorporated herein by reference as though set forth in full

24   herein.

25       7.        Cross-Complainants, as Defendants in the underlying Complaint, have heretofore

26   answered and generally denied all material allegations, and have set forth special affirmative

27   defenses thereto, based on information and belief. Said Answers are incorporated by reference,

28   as though fully set forth herein.

2

8.   If, upon trial of this matter, Cross-Complainants are held legally responsible to Plaintiff for the injuries and damages alleged in the underlying Complaint, Cross-Complainants will have been damaged as a legal result of the acts and omissions of Cross-Defendants, and each of them, as hereinbefore alleged and in an amount equal to the total sums which the trier of fact awards the Plaintiff together with any award of costs and attorney fees.

9.   If, upon trial of this matter, it is found that Cross-Complainants are negligent, which negligence is not admitted but is alleged only for purposes of pleading this cause of action, then Cross-Complainants will be exposed to liability far in excess of liability attributable to the negligence, if any, of Cross-Complainants. Should Cross-Complainants be held liable to Plaintiff or to Cross-Defendants, and each of them, then such liability will be solely of a passive, secondary, vicarious and derivative nature predicated upon the direct, primary, active and affirmative acts and/or omissions of the Cross-Defendants, and each of them, not resulting from Cross-Complainants' conduct, but only from an obligation imposed by law. By reason of the foregoing allegations, Cross-Complainants are entitled to be indemnified by Cross-Defendants, and each of them, for any and all amounts which may in good faith be paid by way of compromise, settlement or judgment, and further, will be entitled to attorney fees, costs and expenses in connection therewith. As a direct and legal result of the acts and omissions of Cross-Defendants, and each of them, as hereinbefore alleged, Cross-Complainants will have been damaged in an amount equal to that portion of the total amount of the verdict which is attributable to acts and omissions of Cross-Defendants, and each of them, in that Cross-Complainants would be liable for the total amount of such verdict.

10.   As a further legal result of the acts and omissions of Cross-Defendants, and each of them, Cross-Complainants have been required and in the future will be required to incur costs, expenses and attorney fees in defending themselves against Plaintiff's claims herein in sums and amounts now unknown and not as of yet fully ascertained, which will be proved.

11.   Based on the foregoing, Cross-Complainants are entitled to indemnification from the Cross-Defendants, and each of them, if upon the trial of this matter Cross-Complainants are held liable to Plaintiff or for such sum paid in settlement.

1 | ## SECOND CAUSE OF ACTION—EQUITABLE CONTRIBUTION
2 | ### (Against All Cross-Defendants)

3    12.    Cross-Complainants re-allege and incorporate herein by reference each and every
4  allegation contained in paragraphs 1 through 11 of their First Cause of Action, as though set
5  forth at length herein.

6    13.    Cross-Complainants deny that they were in any way primarily or actively
7  negligent and its liability, if any, to Plaintiff or Cross-Defendants, and each of them, would be
8  solely vicarious or would be based upon passive and secondary conduct, or would arise as a
9  matter of law. The damages to Plaintiff, if any, were the result of active and affirmative
10  negligence of the Cross-Defendants, and each of them, as described above. Said active
11  affirmative negligence of the Cross-Defendants, and each of them, was a legal cause of the
12  damages of which Plaintiff complains.

13    14.    Cross-Complainants further contend that if they are held liable to Plaintiff for
14  injuries or damages under the Complaint, Cross-Complainants are entitled to contribution for the
15  payment of any judgment in favor of Plaintiff and against these Cross-Defendants, or any
16  settlement in part in anticipation of a judgment, in proportion to the actual culpability, fault,
17  responsibility and negligence caused and created by Cross-Defendants, in the happening of the
18  accident and Cross-Defendants, and each of them, should indemnify Cross-Complainants and
19  hold them harmless for any and all claims by Plaintiff and reimburse for any monies paid in
20  satisfaction of any judgment or any monies paid as settlement in anticipation of any judgment,
21  for all attorney fees in defending said action and the cost of investigation of said accident, and
22  that said Cross-Complainants should have a carry-over judgment against Cross-Defendants, and
23  each of them, therefore.

24    15.    By reason of the foregoing, Cross-Complainants contend that if they are held
25  liable to Plaintiff, for damages set forth in the Complaint, that under the doctrine of indemnity
26  for comparative contribution under American Motorcycle Association v. Superior Court, 20 Cal.
27  3d 578 (1978), Cross-Complainants are entitled to contributions and/or indemnification on the
28  basis that Cross-Defendants, and each of them, should be required to share liability with Cross-

Complainants pro rata on the basis of relative fault that each bears the total damage award suffered or received, if any, by Plaintiff in the form of any judgment, settlement or compromise. Cross-Complainants further contend that they are entitled to be reimbursed for attorney fees in defending said action and for the investigation of the facts of said accident, and that Cross-Complainants should have a pro rata carry-over judgment against Cross-Defendants, and each of them, therefore.

## THIRD CAUSE OF ACTION—DECLARATORY RELIEF
### (Against All Cross-Defendants)

16.    Cross-Complainants re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 12 of the First Cause of Action and paragraphs 13 through 15 of the Second Cause of Action as though set forth at length herein.

17.    An actual controversy has arisen and now exists between Cross-Complainants and Cross-Defendants, and each of them, concerning respective rights and duties in that Cross-Complainants maintain that they are entitled to indemnification and/or contribution on a pro rata basis of the relative fault of Cross-Complainants and Cross-Defendants, and each of them, should Plaintiff recover by way of judgment, settlement or compromise in this action.

18.    Cross-Complainants further contend that the trier of fact in the instant action should declare, as a part of a judgment herein, that the percentage or ratio of contributing culpability, fault, responsibility and/or negligence between Plaintiff, Defendants, Cross-Complainants and Cross-Defendants, and each of them, so the actual contributing culpability, fault and negligence of each party can be determined and set forth in special interrogatories, jury verdict and judgment.

19.    Cross-Complainants have no other existing speedy, accurate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

WHEREFORE, Cross-Complainants pray for a judgment, decree and order against Cross-Defendants, and each of them, as follows:

.1.    For judgment against Cross-Defendants, and each of them, declaring that they are under a duty to indemnify Cross-Complainants for the full amount of any judgment entered

5

1  against Cross-Complainants herein;

2      2.    For judgment against Cross-Defendants, and each of them, declaring that the

3  liability for the damages alleged by Plaintiff must be borne proportionally on a pro rata basis by

4  Plaintiff, Defendants, Cross-Complainants, Cross-Defendants, and each of them;

5      3.    For judgment against Cross-Defendants, and each of them, declaring that Cross-

6  Defendants are under a duty to contribute and indemnify Cross-Complainant in proportion to

7  their own comparative responsibility for the damages which Plaintiff might realize against

8  Cross-Complainants;

9      4.    For reasonable attorney fees incurred by Cross-Complainants in defense of the

10  primary action commenced by Plaintiff;

11     5.    For reasonable attorney fees incurred by the Cross-Complainants in prosecution

12  of this Cross-Complaint;

13     6.    For costs of suit incurred herein; and

14     7.    For such other and further relief as the Court deems just and proper.

15  DATED: February 22, 2008             BURNHAM BROWN

16

17                                    By_____

18                                    Christopher R. Nelson
19                                    Attorneys for Defendants and Cross-
                                      Complainants
20                                    ROBERT PAUL BLUMENTHAL and THE
                                      HERTZ CORPORATION
21

22

23                                                                        848485

24

25

26

27

28

6

DEFS./CROSS COMPLS. ROBERT PAUL BLUMENTHAL'S AND THE HERTZ       No. MCV193501
CORPORATION'S CROSS COMPL. FOR EQUIT. INDEMNITY; EQUIT.
CONTRIBUTION; DECLARATORY RELIEF

| Re: | Allstate Insurance Co., v. Robert P. Blumenthal, The Hertz Corp. et al |
|---|---|
| Court: | Sonoma County Superior Court |
| Action No: | MCV 193501 |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On February 25, 2008, I served the following document(s) in the following manner(s):

**Defendants and Cross-Complainants Robert Paul Blumenthal's and The Hertz Corporation's Cross-Complaint for: (1) Equitable Indemnity; (2) Equitable Contribution; and (3) Declaratory Relief**

☒    **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below.

Michael S. Morse, Esq.
MORSE BOLINGER & ASSOCIATES
A Professional Corporation
2300 Contra Costa Blvd., Suite 285
Pleasant Hill, CA 94523
Phone: (925) 671-2200

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE:    February 25, 2008

Edith Bloodgood

PROOF OF SERVICE
not found.

CASE NO. MCV 193501**Error! Reference source**