JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S. WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:  (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for Federal Cross-Defendant
Michael Medlin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>ROBERT PAUL BLUMENTHAL,<br>THE HERTZ CORPORATION, and<br>DOES ONE THROUGH TEN,<br><br>           Defendants.<br>_____<br>ROBERT PAUL BLUMENTHAL and<br>THE HERTZ CORPORATION,<br><br>           Cross-Complainants,<br><br>     v.<br><br>MICHAEL SCOTT MEDLIN, and<br>ROES ONE THROUGH TEN, inclusive,<br><br>           Cross-Defendants.<br>_____ | No. C 08-2263 SBA<br><br><br><br><br><br><br><br><br><br><br><br>**FEDERAL CROSS-DEFENDANT'S**<br>**ANSWER TO CROSS-COMPLAINT** |

ANSWER TO CROSS-COMPLAINT
C 08-2263 SBA                                           -1-

For his Answer to defendants/cross-complainants' Cross-Complaint, cross-defendant MICHAEL SCOTT MEDLIN admits, denies, and alleges as follows:

**FIRST CAUSE OF ACTION - EQUITABLE INDEMNITY**

1. Cross-defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of paragraph 1.

2. Cross-defendant lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the allegations of this paragraph 2.

3. Cross-defendant admits that all times relevant to the Cross-Complaint, Michael Scott Medlin was an adult.

4. Cross-defendant admits that Michael Scott Medlin was at all time relevant to the Cross-Complaint an employee of the United States Department of Justice. Except as expressly admitted, cross-defendant denies all remaining allegations of paragraph 4.

5. Cross-defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis, denies them.

6. Cross-defendant admits that cross-complainants were named as defendants in Sonoma County Superior Court Case No. MCV 193501, which was removed to federal court on May 1, 2008. The remaining allegations of paragraph 6 constitute legal conclusions to which no response is necessary. To the extent a response is required, cross-defendant denies the remaining allegations of paragraph 6.

7. Cross-defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis, denies them.

8. Cross-defendant denies the allegations of paragraph 8.

9. Cross-defendant denies the allegations of paragraph 9.

10. Cross-defendant denies the allegations of paragraph 10.

11. Cross-defendant denies the allegations of paragraph 11.

**SECOND CAUSE OF ACTION - EQUITABLE CONTRIBUTION**

12. Cross-defendant incorporates his responses to paragraphs 1 through 11 above, and incorporates each response therein as though fully set forth herein.

13. Cross-defendant denies the allegations of paragraph 13.

14. Cross-defendant denies the allegations of paragraph 14.

15. Cross-defendant denies the allegations of paragraph 15.

### THIRD CAUSE OF ACTION - DECLARATORY RELIEF

16. Cross-defendant incorporates his responses to paragraphs 1 through 15 above, and incorporates each response therein as though fully set forth herein.

17. Cross-defendant denies the allegations of paragraph 17.

18. Cross-defendant denies the allegations of paragraph 18.

19. Cross-defendant denies the allegations of paragraph 19.

The remaining allegations of the Cross-Complaint constitute cross-complainants' prayer for relief to which no response is required. However, cross-defendant denies that cross-complainants are entitled to the relief requested or any relief whatsoever. Cross-defendant further denies each and every allegation of the Cross-Complaint that has not been admitted, denied, or otherwise qualified.

AND FURTHER answering, cross-defendant avers:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction over cross-complainants' claims.

### SECOND AFFIRMATIVE DEFENSE

Cross-complainants failed to exhaust their administrative remedies as to each and every claim.

### THIRD AFFIRMATIVE DEFENSE

The Cross-Complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Cross-complainants failed to mitigate their damages, if any, and any recovery or award should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Cross-complainants may recover only those damages allowed under the law.

ANSWER TO CROSS-COMPLAINT
C 08-2263 SBA                     -3-

### SIXTH AFFIRMATIVE DEFENSE

Cross-complainants' s recovery, if any, is barred by the doctrine of unclean hands, laches, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of cross-complainants' claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Cross-defendant is entitled to absolute, sovereign, and/or qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Cross-complainants' alleged damages, if any, were proximately caused by cross-complainants' own negligent or otherwise wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

The United States of America, through its employees, exercised due care and diligence in all matters relevant to the subject matter of the cross-complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Cross-complainants' alleged damages, if any, were not proximately caused by any negligent or otherwise wrongful act or omission of any employee of the United States.

### TWELFTH AFFIRMATIVE DEFENSE

Cross-complainants' alleged damages were proximately caused by the intervening or superseding acts of someone other than an employee of the United States acting within the scope of his employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the plaintiff, cross-complainants, and/or other third party, and any recovery or other award made against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

### FOURTEENTH AFFIRMATIVE DEFENSE

Cross-defendant contests the amount and/or reasonable necessity of any claim of damages for which cross-complainants seek relief in their Cross-Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Cross-complainants have released the claims alleged in their Cross-Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Cross-complainants are barred from proceeding with this action because they elected another remedy and such election bars this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-complainants are barred from proceeding with this action because they have waived their right to recover on the claims alleged in the Cross-Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Cross-complainants are barred from proceeding with this action by settlement.

### NINETEENTH AFFIRMATIVE DEFENSE

Under the Federal Torts Claims Act, the only proper defendant is the United States, not a government employee. 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

### TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), cross-complainants cannot recover attorney's fees from the United States of America.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-defendant denies that he or any other agents or employees of the United States of America were negligent and/or breach any standard of care and/or engaged in any conduct which was the proximate cause of the injuries, damages and losses at issue in the Cross-Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Cross-defendant reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, cross-defendant requests that the Court enter judgment in favor of the cross-defendant, that the Cross-Complaint be dismissed, and that the cross-defendant is granted such other and further relief as the Court may deem just and proper, including recovery of all costs of suit and

ANSWER TO CROSS-COMPLAINT
C 08-2263 SBA                    -5-

| | |
|---|---|
| 1 | appropriate fees. |
| 2 | Respectfully submitted, |
| 3 | JOSEPH P. RUSSONIELLO |
| 4 | United States Attorney |
| 5 | Dated: August 22, 2008            /s/ |
| 6 | _____ |
|   | JENNIFER S WANG |
|   | Assistant United States Attorney |

ANSWER TO CROSS-COMPLAINT
C 08-2263 SBA                -6-