JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S. WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:  (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for Federal Cross-Defendant
Michael Medlin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT PAUL BLUMENTHAL,<br>THE HERTZ CORPORATION, and<br>DOES ONE THROUGH TEN,<br><br>    Defendants.<br>_____<br>ROBERT PAUL BLUMENTHAL and<br>THE HERTZ CORPORATION,<br><br>    Cross-Complainants,<br><br>    v.<br><br>MICHAEL SCOTT MEDLIN, and<br>ROES ONE THROUGH TEN, inclusive,<br><br>    Cross-Defendants.<br>_____ | No. C 08-2263 SBA<br><br><br><br><br><br><br><br><br><br><br>**JOINT CASE MANAGEMENT<br>STATEMENT AND [PROPOSED]<br>CASE MANAGEMENT ORDER**<br><br>Date: September 10, 2008<br>Time: 2:45 p.m.<br>Place: Via telephone |

    Pursuant to Federal Rule of Civil Procedure 26 and the Order Setting Case Management

Conference dated May 8, 2008, the parties to the above-entitled action jointly submit this Case

Management Statement and Proposed Order and request the Court to adopt it as its Case Management

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED]
CASE MANAGEMENT ORDER
C 08-2263 SBA                                                              -1-

Order in this case.

## 1. JURISDICTION AND SERVICE

Plaintiff filed a complaint in Sonoma County Superior Court on or about October 16, 2007. On or about February 25, 2008, defendants filed a third party complaint (styled as a cross-complaint and referred to herein as "the cross-complaint") against Michael Scott Medlin ("the federal cross-defendant" or "Medlin"), an employee of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). On May 1, 2008, the federal cross-defendant removed the action to federal court. The cross-complaint is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1). Service of the complaint and cross-complaint have been completed. The federal cross-defendant filed an answer on August 22, 2008.

## 2. FACTS

**A. Brief chronology of the facts:**

This lawsuit arises from a December 28, 2006 vehicular accident in Rohnert Park, California. Plaintiff Allstate Insurance Company ("Allstate") alleges the vehicle of defendants'/cross-complainants' Robert Blumenthal and the Hertz Corporation ("Hertz") collided with the vehicle of Allstate's insured, Stephanie Troup. On October 16, 2007, Allstate filed a complaint for $20,926.29 in property damage to Troup's vehicle alleging that the collision resulted from the negligence of defendants/cross-complainants. Defendants/cross-complainants allege that the December 28, 2006 accident resulted from the negligence of Medlin. On or about February 25, 2008, defendants/cross-complainants filed a cross-complaint for indemnity and contribution against Medlin.

The federal cross-defendant denies the allegations of the cross-complaint.

**B. The principal factual issues in dispute:**

The parties believe the following factual issues are presently in dispute:

(1) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of defendants or the federal cross-defendant.

(2) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of plaintiff.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED]
CASE MANAGEMENT ORDER
C 08-2263 SBA                -2-

1  (3) Whether plaintiff's alleged injuries were proximately caused by negligent or otherwise wrongful acts or omissions of a third party.

(4) The percentage of fault of the parties and/or third party in plaintiff's alleged injuries.

(5) The amount and nature of any damages plaintiff has suffered due to the alleged accident.

**3. LEGAL ISSUES**

The parties believe the following legal issues are presently in dispute:

(1) Whether plaintiff can prove the injuries and damages claimed in the complaint resulted from defendants' negligence.

(2) Whether defendants/cross-complainants can prove the injuries and damages claimed in the cross-complaint resulted from the federal cross-defendant's negligence.

(3) Whether defendants/cross-complainants are entitled to the indemnity, contribution, and other relief claimed in the cross-complaint.

(4) Whether defendants'/cross-complainants' claims against the federal cross-defendant are barred by a release executed by Hertz in settlement of the administrative claims related to the December 28, 2006 accident.

**4. MOTIONS**

No prior motions have been filed, and no motions are pending. Plaintiff Allstate filed an administrative claim with ATF related to property damage to Troup's vehicle in the December 28, 2006 accident. Plaintiff Allstate has executed a Judgment Fund Voucher for Payment, form FMS 197, settling that claim. The parties believe that settlement of plaintiff Allstate's administrative claim should resolve the instant lawsuit and expect to file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41 shortly.

Should the action proceed, the federal cross-defendant plans to move for summary judgment under Federal Rule of Civil Procedure 56 on the claims in the cross-complainant on the ground that they have been released via settlement of administrative claims against the federal cross-defendant.

**5. AMENDMENT OF PLEADINGS**

The federal cross-defendant anticipates no amendment of its answer at this time and does not

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED]
CASE MANAGEMENT ORDER
C 08-2263 SBA                    -3-

intend to join any additional parties..

### 6. EVIDENCE PRESERVATION

The federal cross-defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  The federal cross-defendant is presently aware of no document destruction programs that would apply in this case.

### 7. DISCLOSURES

The parties have agreed to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26 within 14-day of the case management conference in this action.

### 8. DISCOVERY

**A.  Scope of Discovery to Date**

The parties have not yet taken discovery.

**B.  Formal Plan of Discovery**

Counsel for the parties have discussed a discovery plan for this case.  As a result of these discussions, the parties propose the following discovery plan:  Discovery will be needed on the following subjects: (1) the circumstances giving rise to and the facts surrounding the vehicular accident in question; and (2) the scope, nature and extent of plaintiff's claim for compensatory relief and damages.  To that end, federal cross-defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing the witnesses plaintiff and defendants/cross-complainants identify in their initial disclosures.  Furthermore, the federal cross-defendant may designate experts in this case.

At this time, the parties do not foresee issues concerning disclosure or discovery of electronically stored information.  At this time, the parties expect that production of electronically stored information in paper form will suffice.

The parties request that the usual discovery limitations set forth in the Federal Rule of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30, apply.

### 9. CLASS ACTIONS

1     Not applicable.

**10. RELATED CASES**

    The federal cross-defendant knows of no related cases.

**11. RELIEF**

    The federal cross-defendant seeks dismissal or a judgment in his favor.

**12. SETTLEMENT AND ADR**

    The parties have not yet participated in any settlement discussions.  The federal-cross defendant is willing to participate in mediation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

    The federal cross-defendant does not consent to the assignment of this case to a Magistrate Judge.

**14. OTHER REFERENCES**

    None at this time.

**15. NARROWING OF ISSUES**

    None at this time.

**16. EXPEDITED SCHEDULE**

    The federal cross-defendant does not believe an expedited schedule is appropriate for this case.

**17. SCHEDULING**

    Proposed fact discovery cut-off: May 4, 2009

    Proposed expert discovery cut-off: May 18, 2009

    Proposed dispositive motion hearing cut-off: July 21, 2009

    Proposed dispositive motion filing deadline: June 16, 2009

    Proposed pre-trial conference date: August 27, 2009

    Proposed trial date: September 14, 2009

**18. TRIAL**

    The federal cross-defendant believes that by statute, trial in this action will be a bench trial.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED]
CASE MANAGEMENT ORDER
C 08-2263 SBA                -5-

1 | Defendant anticipates that trial will last three to four days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As a governmental employee, the federal-defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

None at this time.

                                          Respectfully submitted,
                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

Dated: September 2, 2008                 /s/
                                          JENNIFER S WANG
                                          Assistant United States Attorney
                                          Attorneys for Federal Cross-Defendant


                                          MORSE, BOLINGER & ASSOCIATES

Dated: August 29, 2008                  /s/
                                          MICHAEL S. MORSE
                                          Attorney for Plaintiff Allstate Insurance Co.


                                          BURNHAM BROWN

Dated: August 28, 2008                 /s/ Christopher Nelson
                                          THOMAS M. DOWNEY
                                          CHRISTOPHER NELSON
                                          Attorneys for Defendants/Cross-Complainants
                                          Robert Blumenthal and The Hertz Corporation

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

The parties' Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____     _____
                                                              SAUNDRA B. ARMSTRONG
                                                              UNITED STATES DISTRICT COURT JUDGE